NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARC ANTHONY LOWELL ENDSLEY, AKA Marc Endsley, | No. 18-15737 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05038-WHA |
| v. | MEMORANDUM[*] |
| EDMUND G. BROWN, Jr.; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted March 12, 2019[**]

Before:     LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Civil detainee Marc Anthony Lowell Endsley, AKA Marc Endsley, appeals

pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action

alleging due process and equal protection claims. We have jurisdiction under 28

U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1915(e)(2)(B)(ii) for failure to state a claim. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Endsley's due process claim because Endsley failed to allege facts sufficient to show that any defendant made a decision that was "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982).

The district court properly dismissed Endsley's equal protection claim because Endsley failed to allege facts sufficient to show that he was treated differently from similarly situated individuals. *See Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003) (elements of equal protection claim).

The district court did not abuse its discretion in declining to grant Endsley leave to file an amended complaint. *See Chappel v. Lab. Corp.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (providing standard of review and explaining that a "district court acts within its discretion to deny leave to amend when amendment would be futile . . .").

We do not consider arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Endsley's request for appointment of counsel, set forth in his opening brief, is denied.

**AFFIRMED.**